Young, J.
(concurring). I concur with the order declining to answer this question certified by the United States Bankruptcy Court for the Eastern District of Michigan. In this matter, the United States Bankruptcy Court asks this Court to explain property priorities when the register of deeds has failed to comply with the state’s recording statute. In effect, this Court is being asked to create extra-statutory rules regarding property priority claims. Given that our Legislature has prescribed how such priorities are to be resolved, the request essentially requires this Court to write a new priority statute. This is a task better suited to the legislative process.
I write separately to alert the citizens of this state that elected officials in many counties currently do not comply with the requirement of MCL 565.24 to maintain an entry book of deeds, mortgages, and levies to note the day, hour, and minute of receipt. By neglecting this duty, the registers of deeds permit a cloud of uncertainty to gather over every real estate instrument filed in these counties.
This is the second time in the recent past that this issue of noncompliance with the Michigan recording statute has been brought to this Court’s attention. See Central Ceiling & Partition v Dep’t of Commerce, 470 Mich 877 (2004); 474 Mich 990 (2005). In Central Ceiling, this Court fruitlessly monitored for 18 months the Wayne County Register of Deeds’ purported effort to comply with its statutory recording responsibilities. The Wayne County Register’s failure in this regard has led to a property crisis and increased costs to citizens buying and selling property in that county. See Paul Egan, Wayne County Deed Logjam Will Cost You, The Detroit News, April 6, 2006.
It is unsettling, to say the least, that register of deeds offices throughout the state are flouting the basic statutory obligation to record real estate instruments properly. Property rights hold such fundamental importance in our republic that every governmental entity entrusted with the responsibility to safeguard such rights ought to be fully committed to this endeavor. See “Property, ” National Gazette, March 29, 1792, Hunt, ed., Writings of James Madison (New York; Putnam, 1906), vol VI, p 102. (“Government is instituted to protect property of every sort; as well as that which lies in the various rights of individuals, as that *1213 which the term particularly expresses. This being the end of government, that alone is a just government, which impartially secures to every man, whatever is his own.’’) (emphasis in original).
Without question, the property interests of thousands of homeowners, mortgage companies, lienholders, and others are jeopardized when registers of deeds throughout the state are derelict in their statutory duty to note in an entry book the day, hour, and minute they receive an instrument for filing. Such noncompliance breeds insecurity in economic transactions, injects confusion into our laws (bankruptcy law, in this case), and raises serious questions about the commitment of elected officials in this state to protect basic property rights. Indeed, the Michigan Land Title Association, which appeared in this matter as amicus curiae, warns that increasing uncertainty in real estate filings will raise the cost of title insurance throughout the state.
For these reasons, I urge the state Legislature and county commissions to investigate and take the necessary steps to ensure that the property rights of Michigan citizens are protected.